# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

UNITED STATES OF AMERICA

v.

LANE SHAWN JIM

ELECTRONIC CRIMINAL COMPLAINT

CASE NUMBER: MJ-25-04436-PCT-CDB

I, the undersigned complainant, state under oath that the following is true and correct to the best of my knowledge and belief:

### COUNT 1

On, about, or between September 6, 2025, to September 11, 2025, in the District of Arizona, the defendant, LANE SHAWN JIM, did knowingly escape from custody in which he was lawfully confined at the direction of the Attorney General by virtue of a judgment and commitment of the United States District Court for the District of Arizona upon conviction for the commission of the felony offense of involuntary manslaughter in Case No. CR-21-08022-001-PCT-DWL.

All in violation of Title 18, United States Code, Section 751(a).

I further state that I am a Deputy United States Marshal, and that this Complaint is based on the following facts: **SEE ATTACHED AFFIDAVIT.**

Continued on the attached sheet and made a part hereof:  ☒ Yes  ☐ No

REVIEWED BY: /s AUSA Paul V. Stearns

__X__ Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct.

Zachary Syers, Deputy U.S. Marshal
Complainant's Name and Title

Complainant's Signature       Date: 10/16/25

__X__ Sworn by Telephone

_____
Date/Time

Flagstaff, Arizona
City and State

Camille D. Bibles, U.S. Magistrate Judge
Name & Title of Judicial Office

Signature of Judicial Officer
Digitally signed by Camille D. Bibles
Date: 2025.10.16 12:39:36 -07'00'

CC: USM & PTS

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

## ELECTRONICALLY SUBMITTED AFFIDAVIT

Your affiant, <u>DUSM Zachary Syers,</u> states the following under oath:

1.  Your affiant is a Deputy United States Marshal (DUSM) assigned to the United States Marshals Service (USMS), in Flagstaff, Arizona. Your affiant has training and experience in (among other things) fugitive apprehension cases. Your affiant has been a DUSM since December 2022 and has prior law enforcement experience as a Flagstaff, Arizona, police officer.

2.  This affidavit is based on the investigation, observations, and/or experience of your affiant, as well as the investigations, observations, and/or experiences of the other law enforcement officers and/or witnesses including those described in this affidavit to the extent applicable. Additionally, as part of making this affidavit, your affiant has reviewed court records, records from Working Alternatives in Flagstaff, Arizona, and jail calls from the Coconino County Detention Center. Because this affidavit is being made to establish probable cause, your affiant has not listed every fact known regarding this investigation.

## Introduction

3.  This case involves the escape of Lane Shawn Jim (JIM) from federal custody, which occurred between about September 6, 2025, to September 11, 2025, in the District of Arizona, while JIM was on home confinement in Round Rock, Arizona. In short, JIM cut off his global positioning system (GPS) ankle monitor and absconded. JIM

later returned to Working Alternatives (WE1), a residential reentry center, in Flagstaff, Arizona, where he was arrested by deputies from the USMS.

### Investigation/Probable Cause

4.      On March 15, 2022, JIM pleaded guilty to a violation of 18 U.S.C. §§ 1153 and 1112, Involuntary Manslaughter, in Case No. CR-21-08022-001-PCT-DWL. (*United States v. Lane Shawn Jim*, Case No. CR-21-08022-001-PCT-DWL, Doc. 43.)   On May 31, 2022, JIM was sentenced to a term of imprisonment of 60 months, to be followed by 36 months of supervised release. (*United States v. Lane Shawn Jim*, Case No. CR-21-08022-001-PCT-DWL, Doc. 44.)   Thereafter, JIM was placed in the custody of the federal Bureau of Prisons (BOP) to serve his sentence of imprisonment.

5.      On or about January 7, 2025, JIM arrived at Working Alternatives, a residential reentry center located at 1120 W Kaibab Lane, Flagstaff, Arizona, to complete his custodial sentence as directed by the BOP. WE1 is a facility in which JIM was lawfully ordered confined pursuant to the direction of the Attorney General and the authority delegated by the Attorney General to the BOP.  JIM's projected release date for his custodial sentence was October 20, 2025.

6.      On or about May 10, 2025, JIM was ordered to home confinement – at three miles south of the Round Rock Chapter House, Round Rock, Arizona – where he was to reside with his girlfriend, Trisha Wheeler (Wheeler).  JIM acknowledged and signed the Bureau of Prisons conditions of home detention on May 7, 2025, which included the following admonition: "I fully understand that willful failure to report as required,

2

unauthorized change of residence, employment, or failure to otherwise inform staff of my whereabouts, could constitute an escape from federal custody."

7. On September 6, 2025, staff at WE1 notified the USMS that JIM had escaped home confinement. In that regard, on September 6, 2025, at approximately 0705 hours, WE1 security received an alert that JIM's ankle GPS monitoring device had been cut on September 6, 2025, at 0048 hours per monitoring software. Attempts were made to contact JIM and his emergency contact (Trisha Wheeler), but WE1 security received no answer. WE1 security checked the local jail and hospital; however, JIM was not located at either location. At approximately 0730 hours, JIM's girlfriend, Trisha Wheeler, contacted WE1 and reported that she had found the cut GPS monitor and JIM missing from the home. JIM did not have permission to remove the GPS monitoring device or leave the home, and his whereabouts were unknown.

8. On September 11, 2025, WE1 staff notified the USMS that JIM was returning to the WE1 facility. On September 11, 2025, at approximately 1530 hours, deputies from the USMS (including your affiant) arrested JIM at WE1 pursuant to the BOP escape notice. The cut GPS monitor was recovered on scene by WE1 staff – Wheeler brought the monitor to WE1 when she dropped him off – and WE1 staff later provided your affiant with photographs of the unit. JIM was booked into the Coconino County Detention Facility. During a subsequent jail video call with Wheeler that occurred on September 13, 2025, JIM stated to Wheeler, "I don't think it was worth doing what I did; it was a stupid move to make."

9.  During a non-custodial telephonic interview conducted on October 10, 2025, Wheeler provided the following information. On or about September 6, 2025, at around 1000 or 1100 hours, Wheeler located the cut GPS ankle monitor at their residence in Round Rock, Arizona. Wheeler reported that she did not know where JIM went, and she decided to call WE1 to report this information. Wheeler stated that JIM returned to the house at an unknown time on September 8, 2025, and informed her that he had been with his grandmother. JIM did not provide Wheeler with further details about his whereabouts during his absence. JIM asked Wheeler to drive him to WE1 to return to the facility because he did not want to "get into more trouble." Wheeler said that JIM remained at the house and completed yard work for members of the community to earn traveling expenses, and he ultimately returned to WE1 on September 11, 2025. Wheeler did not know why JIM had cut his monitor but said that she knew he was "irritated" with the ankle monitor.

10. On October 10, 2025, your affiant attempted to interview JIM but he declined to speak about the matter.

## Conclusion

11. For the foregoing reasons, your affiant submits that there is probable cause to believe Lane Shawn Jim did knowingly and willfully escape from custody, in violation of 18 U.S.C. § 751(a).

*//////*

12. Your affiant respectfully requests an arrest warrant for JIM.

**Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.**

_____   October 16, 2025
Zachary Syers, DUSM                  Executed on (Date)


__X__ Sworn by Telephone

Camille D. Bibles        Digitally signed by Camille D. Bibles
                         Date: 2025.10.16 12:39:08 -07'00'
_____
Camille D. Bibles                    Date/Time
United States Magistrate Judge

5